09-3301-ag
*Singh v. Holder*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of September, two thousand and ten.

PRESENT: ROGER J. MINER,
         PIERRE N. LEVAL,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

_____

AUNDRE PETER SINGH, also known as RICARDO SINGH, also known as ANDRE SINGH,

                  *Petitioner,*

         -v.-                                   09-3301-ag

ERIC H. HOLDER, JR., United States Attorney General,

                  *Respondent.*

_____

FOR PETITIONER:     NEERAJ PATEL, (Andrew Z. Lipson, *on the brief*), Shearman & Sterling LLP, New York, NY,

FOR RESPONDENT:     MATTHEW B. GEORGE, (John M. McAdams, *on the brief*), Department of Justice, Washington, D.C., *of counsel*, for Eric H. Holder, Jr., United States Attorney General

Appeal from the Board of Immigration Appeals.

**UPON DUE CONSIDERATION**, of this petition for review of a Board of Immigration Appeals decision, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Aundre Singh ("Singh"), a native and citizen of Guyana, seeks review of a July 8, 2009 decision by the Board of Immigration Appeals ("BIA") overturning an Immigration Judge's ("IJ") decision to grant Singh a waiver from deportation pursuant to § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (1994) (repealed Sept. 30, 1996) ("§ 212(c)"). Singh contends that the BIA failed to consider sufficiently his rehabilitation and hardship, among other factors. Singh also contends that the BIA violated his Fifth Amendment equal protection rights by treating him differently than his brother, who received a waiver from deportation pursuant to § 212(c). We assume the

parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

As a threshold matter, we must determine whether we have jurisdiction to review the BIA's discretionary decision. Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review" the Attorney General's discretionary decision to deny a § 212(c) waiver. We may, however, review a petition raising "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

Here, we do not have jurisdiction to consider Singh's arguments concerning the BIA's review of his rehabilitation, hardship, and other factors. Singh's arguments concern only the BIA's exercise of its discretion. Accordingly, we dismiss the petition as to these claims for lack of jurisdiction.

We do, however, have jurisdiction to consider Singh's Fifth Amendment claim because he argues that the BIA violated his constitutional rights. Singh contends that because the brothers' criminal histories, family ties, rehabilitation, and other circumstances are all similar or identical that his Fifth Amendment equal protection rights were violated when the BIA declined to extend to him the

3

relief afforded to his brother. For substantially the reasons set forth by the BIA, we are unpersuaded and dismiss the petition on this claim. As the BIA explained, Singh's case is "clearly distinguishable from his brother's case." Specifically, Singh played a greater role in the underlying offense by recruiting his brother, helping to plan the murder, and acting as the shooter. His higher resulting sentence compared to his brother reflected this greater role.

For the foregoing reasons, the petition is DISMISSED in part and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk